**AUGENSTEIN, Estate of, In re.**

Probate Court, Cuyahoga County.

No. 398168. Decided March 9, 1956.

James Metzenbaum, for exceptor, Sanford S. Arnoff, Asst. Atty. Genl., Cleveland.

## OPINION

By KINDER, J.

On September 3, 1953, Catherine Boyd, administratrix of the estate of Elizabeth S. Augenstein, deceased, filed her application for determination of inheritance tax, and on September 22, 1953, said tax was determined. Notice of the determination of tax was given and the Department of Taxation filed its waiver on September 23, 1953. No waivers were filed by any of the successors directly or on their behalf by counsel representing them, and therefore the journal entry determining the tax could not be certified to the Auditor for payment within the sixty day period provided by law. (Sec. 5731.39 R. C.) Such determination could

have been certified after sixty days following said determination but for the fact that prior to the expiration of said sixty day period, exceptions to the determination of tax were filed on November 20 1953, by Catherine Boyd, administratrix of the decedent's estate. Such action precluded the Court from certifying the determination of tax in order that payment of the same could be made to the Treasurer. (Sec. 5731.38 R. C.) Under no circumstances does the law contemplate payment of inheritance tax to the Probate Court.

Although the date of death of the decedent is ordinarily regarded as the date of accrual, the facts in this case present the question of whether or not another date should be used as the date of accrual. Said date of accrual determines the time from which interest is to be computed and added to the tax. In this connection §5731.17 R. C. and §5731.19 R. C. are pertinent. Sec. 5731.17 R. C. provides in part as follows:

"Taxes levied under this subdivision of this chapter shall be due and payable at the time of the succession, except as herein otherwise provided. but in no case prior to the death of the decedent. Taxes upon the succession to any estate or property, or interest therein limited, dependent or determinable upon the happening of any contingency or future event, and not vested at the death of the decedent, by reason of which the actual market value thereof cannot be ascertained at the time of such death, as provided in this subdivision of this chapter, shall accrue and become due and payable when the persons or corporations then beneficially entitled thereto shall come into actual possession or enjoyment thereof."

The following background material set forth in the Brief in Opposition to the Exceptions to Determination of Inheritance Tax is pertinent in connection with the question of the date of accrual:

"1. On February 9, 1922, Jacob Augenstein, father of Edmund Augenstein, and father-in-law of Elizabeth Augenstein, died testate. This estate is known as Henry County Probate Court Case No. 2934. Among Jacob's assets were four (4) parcels of real property located in Henry County. An item in Jacob's will gave Sarah, his widow, the right to sell these four (4) parcels. However, she was to divide the proceeds among Jacob's six children, of which Edmund was one.

"2. Sarah disposed of the four parcels as follows:

"a. On March 9, 1923, the first parcel was sold for Ten Thousand Dollars ($10,000.00).

"b. On May 8, 1923, the second parcel was sold for Sixteen Thousand Two Hundred Fifty Dollars ($16,250.00).

"c. On August 31, 1926, the third parcel was sold for Five Thousand Dollars ($5,000.00).

"d. On September 21, 1926, Sarah conveyed the fourth parcel without consideration.

"Sarah deposited the proceeds of the aforementioned sales in various banks in Napoleon. She ultimately transferred approximately Eighteen Thousand Dollars ($18,000.00) of the funds to the Community Bank as a credit to the estate of Jacob Augenstein, deceased. Sarah died on

March 24, 1947, without having distributed any of the proceeds to Edmund or to Edmund's estate.

"3. On January 12, 1924, Edmund Augenstein, husband of Elizabeth Augenstein died, leaving Elizabeth as sole heir. This case is known as Court of Common Pleas Case No. 135104.

"4. On December 15, 1947, Elizabeth Augenstein, decedent herein, was presumed deceased.

"5. On April 12, 1948, Lillyan Taylor, administratrix de bonis non of the estate of Benjamin Franklin Augenstein, filed a petition naming herself plaintiff and naming herself, as an individual, one of the defendants. Among other defendants she named Marguerite Mathers, administratrix of the estate of Edmund Augenstein. This case, known as Taylor v. Taylor, et al., Henry County Common Pleas Court No. 14870, was an action for partition and distribution of the proceeds of the sales of the four parcels mentioned in item two above. The following language appears in said petition:

"Edmund Augenstein died intestate, a resident of Cuyahoga County, Ohio, on January 12, 1924, survived by **Elizabeth Augenstein, who was his widow and only heir at law.**"

"It was also stated that Edmund's estate was entitled to a distributive share of the proceeds of the sales of the aforementioned four parcels.

"This matter was finally decided by the Court of Appeals for the Third District in May of 1952."

Thus it would seem that as of the presumptive date of death of Elizabeth S. Augenstein, deceased, her estate consisted of the property which the said Elizabeth S. Augenstein, if living, would have been entitled to receive from the estate of her deceased husband Edmund. The right to such assets existed at the time of the death of Elizabeth S. Augenstein, who by presumptive death proceedings was determined to have died on January 3, 1937. A personal representative of said presumed decedent's estate could have been appointed in 1937. Under ordinary circumstances distribution of a decedent's estate may be made within nine months after the appointment of a personal representative. (Sec. 2113.25 R. C.) This nine month period constitutes the basis for computing interest on certain bequests. In re Estate of Shanafelt, 164 Oh St 258. If the affected parties had asserted their rights and acted seasonably an administrator of the estate of Elizabeth S. Augenstein, deceased, could have been appointed within six months following January 3, 1937, the date of the presumptive death of said decedent. It would have been the duty of said personal representative to ascertain the kind, type and valuation of the assets of said decedent's estate, and it is reasonable to assume that an investigation for such purpose would have disclosed what, if any, was then due the estate of said decedent from the estate of her deceased husband Edmund. It is also reasonable to assume that such investigation would have revealed that Sarah Augenstein, mother of Edmund and mother-in-law of Elizabeth, had deposited in various banks in Napoleon, Ohio, the proceeds from the sale of certain real estate in which the estate of Edmund Augenstein had a possible interest, and that the estate of Elizabeth had a possible

interest by virtue of the fact that Elizabeth was the sole heir of Edmund.

Relatives of Elizabeth S. Augenstein, deceased, took no steps to have her declared legally dead or to ascertain what, if any, assets comprised her estate. On July 31, 1947, the Attorney General of the State of Ohio instituted the presumed decedent proceeding in this Court relative to Elizabeth S. Augenstein, and on September 15, 1947, this Court entered a decree finding that said decedent was presumed to have died January 3, 1937, said decree of presumptive death having been made absolute on January 6, 1948. On July 16, 1952, Catherine Boyd was granted letters of administration in respect of said decedent's estate. The proceedings known as the case of Taylor v. Taylor was instituted on April 12, 1948. This was a Common Pleas Court case in Henry County, Ohio, Case No. 14870, said action being one in partition and for disposition of the proceeds of the sale of four parcels of real estate hereinabove referred to as originally in the estate of Jacob Augenstein, deceased. Said cause was finally decided by the Court of Appeals of the Third District on June 14, 1952. Said decree settled the question as to the portion of the proceeds constituting the estate of Edmund Augenstein.

In order to determine the question of the date of accrual in the estate of Elizabeth S. Augenstein, deceased, the following dates should be kept in mind:

January 12, 1924, which was the date of death of Edmund Augenstein.

January 3, 1937, which was the date of the presumptive death of Elizabeth S. Augenstein, deceased.

September 15, 1947, which was the date of the Court's finding as to the presumptive death of Elizabeth S. Augenstein, deceased.

January 6, 1948, the date when said decree of presumptive death was made absolute.

June 14, 1952, which was the date of the decision of the Court of Appeals, determining the interest of the estate of Edmund Augenstein, deceased.

A strict interpretation of §5731.17 R. C. might well result in a conclusion that although the interest of the parties were not finally determined until June 14, 1952, nevertheless it might be considered that a "vesting" of the interest of Elizabeth S. Augenstein had occurred on the date of her presumptive death, namely, January 3, 1937. There is less reason in logic to fix the accrual date as January 6, 1948, because although that was the date that the decree of presumptive death was made absolute, nevertheless it was determined that her presumptive death occurred on January 3, 1937.

It is true that either on January 3, 1937, or January 6, 1948, the amount due the estate of Elizabeth S. Augenstein was not ascertainable, due at least in part to the fact that steps were not taken seasonably to have the rights of the parties determined.

The rights of Edmund were finally determined on June 14, 1952, which was the earliest date that a valuation could be placed upon the interest of the said Elizabeth S. Augenstein.

A reasonable construction of §5731.17 R. C. would fix the accrual

date of the successions from the estate of Elizabeth S. Augenstein, deceased, at June 14, 1952, and it is so concluded.

Exceptor prays that no interest be found due or charged on the successions from Elizabeth S. Augenstein, deceased.

Sec. 5731.171 R. C. effective October 13, 1953, pertaining to interest, is not applicable due to the fact that litigation respecting the determination and collection of inheritance tax was pending at the expiration of ten years after the date of the death of the decedent. The applicable interest section was §5731.19 R. C., formerly §5338 GC. The penalty section is §5731.37 R. C., formerly §5345-5 GC.

In the case of **Evatt v. Semonin, 143 Oh St 480,** the Court said (Page 486):

"The rate of interest fixed with the respect to inheritance taxes, payable under a temporary order, is within the range fixed by statute with the respect to the payment of ordinary interest. Eight per cent per annum is the maximum that can be set by contract, and five per cent per annum is below the amount (six per cent per annum) that may lawfully be collected as damages for the withholding of money due and payable. So the implication arises that the legislative intent was that the percentages fixed were in fact interest.

"There are, however, other factors which bear upon the meaning of the word 'interest' as used in the statute and which will assist in arriving at a conclusion.

"The inheritance tax provisions of the statutes are in pari materia and must be construed together. In these kindred statutes the General Assembly has made a distinction between interest and penalty. In the sections quoted above the word 'interest' is used without mention of the word 'penalty' but in §5345-5 GC the term 'penalty' is used. That section authorizes the imposition of a penalty of fifteen per cent for failure to give notice as required or failure to file application for determination of inheritance tax within the prescribed time, and a penalty of twenty-five per cent for filing a false or fraudulent notice or application. This use of the terms 'interest' and 'penalty' in contradistinction to each other discloses an intent on the part of the Legislature to use each of them in its ordinary and generally accepted meaning."

At Page 489 of said opinion the Court held:

"Moreover, after the inheritance tax at the highest rate, with interest, is paid into the public treasury, **interest is to be held and treated as part of the tax.** Accordingly, for the purpose of determining the refund to be made, the 'amount so paid' may well and properly include the interest as well as the original tax collected under the temporary order." (Emphasis added.)

The exceptions are sustained in part and overruled in part. The accrual date on the successions is fixed at June 14, 1952, and because of the unavoidable delay and necessary litigation, the interest rate is reduced from 8% to 5%, said interest being payable from and after June 14, 1953, until paid.

An order may be entered accordingly, with exceptions to any party deeming themselves aggrieved thereby.